WISCONSIN NATIONAL LOAN & BUILDING ASSOCIATION: CONTINENTAL INSURANCE COMPANY, Appellant, vs. WEBSTER and wife, Respondents.

*October 20—November 17, 1903.*

*Fire insurance: Payment to mortgagee: Subrogation: Forfeiture: Waiver: Appeal: Questions of fact not passed on by trial court.*

1. An insurance company, claiming that a policy had been forfeited as to the owner but admitting liability, under a mortgage clause, to the mortgagee, paid to the latter the amount of a foreclosure judgment and took an assignment thereof. An action by the owner on the policy was afterwards discontinued by stipulation, the company paying to him the balance of the face of the policy in excess of the amount paid to the mortgagee, and the owner waiving and releasing all claims under the policy. It was expressly agreed that this transaction should be without prejudice to any right of the company to enforce its right to subrogation and other rights and remedies under the mortgage clause, and should not be considered as an admission of any past or present liability to the owner under the policy. *Held*, that there had been no waiver of the forfeiture which would preclude the company from enforcing the foreclosure judgment.
2. In a proceeding by the owner in the foreclosure action to have the judgment therein canceled on the ground that it had been paid by the insurance company, the question whether there had been a forfeiture of the policy not having been passed upon as one of fact by the trial court, and the facts in respect thereto not being admitted, the cause is remanded for a trial of that question before further enforcement of the foreclosure judgment.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

In May, 1901, the plaintiff building and loan association held a mortgage upon certain real estate of the defendant *Webster,* which had been defaulted, and upon which foreclosure action had been instituted and gone to judgment on July 7, 1900. That association also held an insurance policy of the appellant *Continental Insurance Company* for $1,000, dated April 15, 1899, of Wisconsin standard form, and bearing the Wisconsin standard mortgagee clause, with provision for payment by the company to the mortgagee notwithstanding certain breaches of condition by the owner, and for subrogation of the insurance company to the rights of the mortgagee in case of any payment under that clause. On May 10, 1901, the buildings on the premises were destroyed by fire. The appellant insurance company claimed it was not liable to the defendant because the premises had been allowed to be vacant, without notice to or consent by the company, for several months prior to and including the time of the fire, and for the reason that no notice was given it of the institution of the foreclosure proceedings. Suit was commenced by defendant *Webster* against the insurance company, joining the building and loan association as plaintiff, to recover on this policy, and defense was interposed upon the grounds above stated, among others.

On October 15, 1901, the insurance company paid to the building and loan association $972.75, the total amount due upon its foreclosure judgment, and received an assignment of the foreclosure judgment, and also received a receipt acknowledging payment of said sum in full satisfaction of all claims and demands in favor of said association and against the company upon the policy, and releasing and discharging all claim in favor of the association thereon. Thereafter, on December 9th, the defendant *Webster* and the insurance company entered into a written stipulation of settlement whereby

the company paid to him $27.25, and the action against the
insurance company was agreed to be discontinued and dis-
missed.   By the stipulation *Webster* waived all claims and
demands of every nature under said policy, and it was agreed
that the transaction should be "without prejudice to defend-
ant's [insurance company's] right, if any such it has, to pro-
ceed on, collect, and enforce the payment of" the judgment of
foreclosure (above described) "which has come into the hands
of said defendant, and generally without prejudice to defend-
ant's indemnifying itself under, proceeding on, and enforc-
ing its right to subrogation, transfer, and assignment, and
other rights and remedies provided in the mortgage clause
attached to said policy, if any; which alleged claims, if any,
the plaintiff *Webster* does not recognize, and in no way here-
in admits or waives his defense thereto;" also that the trans-
action "shall not be considered as an admission or concession
of any past or present liability by said defendant [insurance
company] to said *Webster* under said policy."   As a part of
the same transaction, *Webster* gave his receipts, in the usual
form, acknowledging payment of the amount "in full satis-
faction, compromise, and indemnity for all claims and de-
mands upon said company" for the loss by fire, and released
and discharged the company from all further claim by reason
of the loss, and canceled the policy.   Judgment was there-
upon entered in the suit against the insurance company on
December 10, 1901, that the action "be discontinued now and
forever, and that plaintiff's complaint therein be dismissed
upon the merits," without costs.

On September 2, 1902, the insurance company, without
being substituted as plaintiff in the foreclosure action, pro-
ceeded to make sale under the foreclosure judgment, and a
stipulation was entered into that such sale might be in form
made without prejudicing the rights of the parties to submit
to the court all claims for or against the validity of the in-
surance company's demands under said judgment.   Sale was
made, property bought in by the insurance company for less

than the amount of the judgment, and application made for confirmation and judgment for deficiency; at which stage, in opposition to such motion, the defendant *Webster* interposed a petition alleging that the foreclosure judgment was paid in full, and demanding concellation thereof and of the sale thereunder, and return of the title of the premises to him. An affidavit was filed setting out the above-mentioned grounds of defense to any claim upon the insurance policy, and asserting the claim of the company to subrogation under the mortgagee clause by reason of its payment to the mortgagee.

The court referred certain questions of fact and the legal deductions therefrom to a referee, namely, whether the insurance company paid the building and loan association and defendant *Webster* the full amount of insurance; the amount and date of such payment to each; whether receipts were given, and whether the receipts were connected with any other stipulations; whether the judgment of foreclosure has been paid, and the facts in reference to such payment; and whether the judgment of foreclosure should be satisfied and discharged; and later modified that order by expressly withholding from such reference any question of the forfeiture of the policy by reason of alleged vacancy or otherwise. After taking considerable testimony, the referee reported that the full amount of $1,000 on the policy had been paid in the manner hereinabove recited; that thereby the judgment had been satisfied and discharged, and that the same ought to be canceled by order of court—which report was adopted by the court, and order entered that the sheriff's sale be set aside; that the *Continental Insurance Company* be made a party plaintiff to the foreclosure action, and should satisfy and discharge the foreclosure judgment. Bill of exceptions embodying the proceedings was duly settled. From that order the *Continental Insurance Company* appeals.

For the appellant there was a brief by *Nohl & Nohl,* and oral argument by *Max Nohl.*

*E. M. McVicker,* for the respondents.

DODGE, J. The actual decision of the trial court which re-sulted in the order appealed from was to the effect that the appellant insurance company, by paying the full amount of its policy, had so effectively waived all forfeitures under the terms of the policy by reason either of vacancy without consent or of commencement of foreclosure proceedings without notice to the company that it could not assert that the policy had become void. It seems almost too plain for debate that such decision ignored or neutralized the express stipulation of the parties at the time of the payment to defendants of the $27.25, which, it is true, equaled the full face of the policy, with the previous payment to the mortgagee. Clearly, no waiver of forfeitures could be predicated upon the payment to the mortgagee of the amount of its mortgage. That payment the company was required to make by virtue of the mortgagee clause, whether the policy had become void or not. It is in evidence that it was made for that reason, and to facilitate the subrogation provided for in that clause—perhaps unnecessarily—an express and formal assignment of the foreclosure judgment was made to the insurance company. These facts exclude any inference that the insurance company intended to waive any forfeitures in making that payment. So, when the appellant and respondents met to settle their litigation, no waiver had taken place, and appellant's right by subrogation to enforce the foreclosure judgment was clear and complete, if the policy was void for either of the reasons now assigned. Whether the payment of the balance of the policy to the defendants in silence and with no reservation of pre-existing rights might have proved or constituted a waiver, need not be decided. The parties, in the most explicit terms, by their stipulation agreed that it should have no such effect. This left them in the same relative situation that they were before that payment was made. The appellant had a right to enforce the foreclosure judgment if the amount paid to the mortgagee was, by reason of

forfeiture, not payable to the defendants upon the policy, and defendants had the right to insist that no forfeiture had taken place.

Clearly, then, the court erred in deciding as matter of law, without hearing the facts, that the policy was not forfeited; and the question presents itself whether, upon this record, it should be held that the forfeiture is established, so that an order ought to have been entered sustaining appellant's rights to foreclosure sale and deficiency judgment, or whether the question of fact on which the forfeiture is predicated should still be tried. It is, of course, obvious that that question has not been tried by the referee or by the court. The only thing in the record bearing thereon is the affidavit asserting that fact which was presented in answer to the defendants' affidavit stating why the appellant's application for confirmation should not be granted, and also as a basis for the respondents' alternative motion to cancel the judgment. No counter affidavit was filed denying those facts, and yet the parties and the court evidently considered that an issue was raised, and that the facts stated in that affidavit were not admitted. Appellant contended that they ought to be submitted to the referee in common with other facts, and the only reason urged here for not doing so was their immateriality by reason of the waiver which the court predicated upon the payment of the money. In this attitude we conclude that it would be unsafe for us to assume that the facts of vacancy without consent by the insurance company and of absence of notice to it of the foreclosure proceedings were admitted. *Hill v. Am. Surety Co.* 107 Wis. 19, 28, 34, 81 N. W. 1024, 82 N. W. 691; *Brown v. Griswold,* 109 Wis. 275, 85 N. W. 363. That question therefore should be passed upon as one of fact by the trial court, either upon existing evidence or such other proofs as the court may receive; and, if such forfeiture be established, the appellant's motion for confirmation of foreclosure

sale and entry of judgment for the ascertained deficiency should be granted.

*By the Court.*—Order appealed from is reversed, and cause remanded for further proceedings in accordance with law and this opinion.