COMMERCIAL CASUALTY INSURANCE COMPANY *v.* McCULLEY.

Opinion delivered March 28, 1932.

470

O. A. *Featherston,* for appellant.

P. L. *Smith,* for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted by counsel for the defendant that there is no liability under the terms of the policy because the plaintiff was thrown from the platform of the train on which he was riding, and because a part of his injuries were sustained by being struck by a passing automobile after the train had jerked him onto the adjacent highway.

We have copied clauses 1 and 14 under which liability is claimed in our statement of facts, and need not repeat them here. We think that a reasonable construction of the clauses referred to show liability upon the part of the company. The plaintiff was a passenger riding in a

car of an interurban railway provided for passenger service. He had paid his passage, and, when the train stopped, walked out on the platform to observe the country. He was an able-bodied man and had a right to do this. It will be observed that he was on the platform of the car when he was thrown off by the car being started with a sudden jerk. This brought him within the terms of the policy. It did not make any difference that a part of his injuries were received by being struck by a passing automobile after he had been thrown from the platform of the car onto the adjacent highway. The proximate cause of his injury was being thrown from the platform of the car by the sudden starting of it. *Ætna Casualty & Surety Company* v. *Sengel,* 183 Ark. 151, 35 S. W. (2d) 67.

It is next insisted that the allowance of $100 attorney's fee was excessive. The plaintiff recovered the sum of $250. The case was tried by the circuit court sitting as a jury. It had already been tried in the justice court. The circuit court could tell from the conduct of the parties that the case would be appealed to the Supreme Court on the merits. The record shows that a motion for a new trial was filed by the company on the same day on which the case was tried, and this indicated that the court knew beforehand that the case would be appealed to the Supreme Court on the merits. While a fee of $100 is liberal for the amount recovered, we cannot say that, under the circumstances, the court abused its discretion in allowing it. If the defendant had offered to pay the amount of the judgment, then the court should have allowed a more modest fee. The statute does not make the liability of the company depend upon its refusal to pay the loss or its good faith in contesting the matter. The statute becomes a part of the contract of insurance and the fee is costs to reimburse the plaintiff for expense incurred in enforcing the contract. *American Liberty Insurance Company* v. *Washington,* 183 Ark. 497, 36 S. W. (2d) 963.

We find no reversible error in the record, and the judgment will therefore be affirmed.