160 So.2d 147 (1964)
Harold L. SALTER, Appellant,
v.
NATIONAL INDEMNITY CO., Appellee.
No. E-285.
District Court of Appeal of Florida. First District.
January 28, 1964.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellant.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
WIGGINTON, Judge.
This suit was commenced for the purpose of recovering the proceeds of an insurance policy issued by appellee covering the loss by theft of a motor vehicle owned by appellant. By summary judgment the trial court awarded appellant the face amount of the insurance policy plus interest, but denied appellant's claim for attorney's fees. The only question presented for our decision on this appeal is whether the trial court erred in holding that appellant, as insured under the policy sued upon was not entitled to a reasonable sum as fees or compensation for his attorney incurred in the prosecution of this suit.
The pertinent statutory law of this state provides that upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or *148 beneficiary's attorney prosecuting the suit in which the recovery is had.[1]
The foregoing statute allowing recovery of attorney's fees by successful claimants under an insurance policy is in the nature of a penalty imposed upon insurance companies who wrongfully refuse to pay a beneficiary any amount due under a policy or contract of insurance issued by it.[2] The fact that an insurance company's refusal to pay the amount owed by it under the terms of its contract of insurance was in good faith and on reasonable grounds does not necessarily relieve it from liability for payment of attorney's fees.[3] The purpose of the statute is to discourage the contesting of insurance policies in Florida courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees when a suit is brought against them, or they are compelled to sue in Florida courts to enforce their contracts.[4]
That provision of the judgment appealed which denied plaintiff's claim for attorney's fees recites:
"The claim of plaintiff asserted herein for an attorney's fee in addition to the aforesaid recovery be, and the same is, hereby denied for the reason that it appears there was no wrongful refusal of the defendant to pay the proceeds of its policy."
An examination of the record before us reveals the following undisputed facts. Plaintiff's truck which was insured against loss by theft under the policy issued by defendant was stolen on or about July 9, 1960. Appellee was promptly notified of the loss, following which its insurance adjusters commenced investigating the claim. Ten months transpired and no offer to pay the amount of insurance due under the policy was made by the company. The policy provides that in the event of loss by theft a sworn proof of loss must be filed by the insured with the company which is allowed thirty days thereafter within which to make payment. From his conversations with appellant and appellee's adjusters, the attorney representing appellant was led to erroneously assume that the proof of loss required by the policy had been filed. Upon the company's failure or refusal to pay the amount due appellant, suit on the policy was instituted in the Circuit Court of Duval County. The complaint contained the usual allegations necessary to state a cause of action, and among other things alleged that plaintiff had complied with all conditions and provisions of the insurance policy, including the filing of a proof of loss.
The defendant insurance company filed its answer to the complaint denying liability and affirmatively alleging that the proof of loss required by the terms and provisions of the insurance policy had not been filed with it. Upon the filing of the foregoing affirmative defense, appellant's counsel promptly prepared and furnished to defendant a properly executed proof of loss. An amended complaint was thereafter filed in the cause containing two counts, one alleging compliance with the provisions of the policy by filing with the company the required proof of loss, and the second count alleging waiver of the policy provision requiring the filing of a proof of loss. Plaintiff then filed a motion for summary judgment which was heard and denied by the trial court which concluded that from the pleadings and other evidence contained in the file, a genuine issue of a material fact existed with respect to the count of the complaint alleging waiver of compliance with the policy respecting the *149 filing of proof of loss, and that no recovery could be had on the count alleging compliance with the policy provisions by the filing of a proof of loss, because such proof had not been filed prior to the institution of the suit. The court's ruling on plaintiff's motion for summary judgment left him the choice of attempting to recover the amount due him on the single theory that the company had waived the policy requirements with respect to the filing of a proof of loss, or to file a new suit alleging alternatively that proof of loss had been furnished in accordance with the requirements of the policy. Plaintiff withdrew the count contained in his pending suit alleging the furnishing of a proof of loss in accordance with policy requirements, and instituted a new action containing only one count alleging the furnishing of a proof of loss and compliance with all other conditions precedent to his right of recovery. At this point plaintiff had two suits pending against defendant. The original suit contained one count alleging a cause of action based upon the theory that defendant company had waived compliance with the policy requirement regarding the furnishing of a proof of loss. The second suit also contained only one count alleging a cause of action based upon the theory that proof of loss had been furnished as required by the terms and provisions of the policy. Upon the institution of the second action against it, defendant moved to dismiss it on the ground that there was already pending in the court an action between the same parties seeking the same recovery on the same insurance policy. The court granted the company's motion and dismissed the second action filed by plaintiff. Not desiring to base his right to recovery solely on the debatable theory of waiver, plaintiff decided to dismiss the original pending action based on this theory and to immediately file a new suit seeking recovery on the theory of full compliance with the policy provision respecting the filing of a proof of loss.
On the day plaintiff's pending actions against defendant were dismissed, defendant's counsel delivered to plaintiff's attorney a letter advising that he held in his possession a draft drawn by defendant in favor of plaintiff for the full face amount of the insurance policy sued upon, plus interest from the date on which the proof of loss was furnished some nineteen months previously. This letter advised that defendant's counsel had the draft available at his office and he would be willing to deliver the draft to plaintiff's attorney if the latter would make an appointment to come by his office.
Plaintiff's attorney took no action regarding the above-mentioned letter received from defendant's counsel, and on the following date instituted the action in which the judgment appealed was rendered. Several days later defendant's counsel mailed two drafts to plaintiff's attorney as a purported tender of the amount due plaintiff under the insurance policy sued upon, which drafts were rejected and promptly returned to defendant's counsel. Defendant then filed in this cause its answer in which it again denied liability under the policy of insurance sued upon, and as an affirmative defense alleged that prior to the institution of this action defendant had made a tender of the amount due plaintiff by offering to plaintiff's attorney drafts in an amount sufficient to pay the face amount of the policy plus legal interest to the date of tender, which tender was rejected by plaintiff.
It was on the basis of the foregoing facts that the trial court denied plaintiff a reasonable attorney's fee upon the finding that defendant had not wrongfully refused to pay the amount due by it to plaintiff under its contract of insurance.
From the foregoing it seems apparent that the insurance company was promptly notified at the time plaintiff's vehicle was stolen. After investigating the claim for a period of some ten months, the insurance *150 company continued to refuse payment of the amount due plaintiff. In response to the complaint filed by plaintiff, defendant pleaded non-liability and also failure of plaintiff to file proof of loss. There is no showing in the record that during the course of its investigation defendant did not become aware of all the facts which would have been contained in a proof of loss had one been filed. Neither does the record disclose how failure to file the proof of loss hindered or delayed defendant's investigation of plaintiff's claim, or prejudiced it in any manner in reaching a conclusion as to its liability under the policy. If we assume without deciding that under the circumstances shown by this record defendant had not waived its right to insist upon compliance with the policy provisions regarding the filing of a proof of loss, it cannot be seriously contended that defendant's obligation to pay the plaintiff the full face amount of the insurance policy did not immediately arise upon the filing with it of the proof of loss as required by the policy. Had it done so, it would not have been liable for the payment of court costs or attorney's fees incurred by plaintiff in the action prematurely filed by him. It was not until nineteen months later, however, that the company offered to pay plaintiff the amount due him under the insurance contract. This offer came only after the rendition of extensive legal services by plaintiff's attorney which finally left the company bereft of any further technical defenses to the action, and resulted in the entry of the judgment appealed.
The record is devoid of any evidence which could be said to justify defendant in withholding payment of the amount due plaintiff for the nineteen months following the filing with it of the proof of loss as insisted upon by it. We therefore conclude on the facts shown by this record that defendant wrongfully withheld from plaintiff the amount due him under the insurance policy sued upon. The fact that defendant offered, during the interval which transpired between dismissal of plaintiff's original actions and the institution on the following day of the case sub judice, to pay plaintiff the amount claimed cannot afford legal escape from the obligation imposed by statute to pay a reasonable attorney's fee for legal services rendered plaintiff in this case. The judgment appealed is accordingly reversed and the cause remanded with directions that an appropriate judgment be entered awarding plaintiff a reasonable attorney's fee in accordance with the mandate of the statute, and in harmony with the views expressed herein.
Reversed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] F.S. § 627.0127, F.S.A.
[2] Equitable Life Assurance Society of United States v. Nichols, Fla. 1956, 84 So.2d 500; Bohlinger v. Higginbotham et al., Fla. 1954, 70 So.2d 911; United States Fire Ins. Co. v. Dickerson et al., 82 Fla. 442, 90 So. 613, 616.
[3] Pacific Mut. Life Ins. Co. of California v. McCaskill, 126 Fla. 82, 170 So. 579.
[4] Feller et al. v. Equitable Life Assur. Soc. of United States, Fla. 1952, 57 So.2d 581.