Mary Ellen THOMASON,
Plaintiff–Appellant,

v.

AETNA LIFE INSURANCE COMPANY,
Defendant–Appellee.

No. 93–1128.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 9, 1993.

Decided Nov. 9, 1993.

Sheryl A. Bautch (argued), Daniel P. Wurl, Webber & Thies, Urbana, IL, for plaintiff-appellant.

William P. Hardy (argued), Richard Chapin, Hinshaw & Culbertson, Springfield, IL, for defendant-appellee.

Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

This is an appeal from summary judgment granted in favor of the defendant Aetna Life Insurance Company ("Aetna") in an action governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

A grant of summary judgment is reviewed *de novo, Russo v. Health, Welfare & Pension Fund,* 984 F.2d 762, 765 (7th Cir.1993), to be affirmed "only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law," *Edwards v. Massachusetts Mutual Life Ins. Co.,* 936 F.2d 289, 291 (7th Cir.1991), after viewing the record in the light most favorable to the nonmoving party, *Russo,* 984 F.2d at 765.

Summary judgment is appropriate in this case, but not for the reasons advanced by the district court in its unpublished order. Because this Court reaches the same conclusion as the court below, although by a different route, the decision is affirmed.

### Background

Plaintiff's late husband, G.B. Thomason, was insured under a group policy issued by defendant Aetna to his employer, Burkhart Foam, Inc. The policy included life insurance and disability coverage. Under the written terms of the policy, an employee would be entitled to "extended insurance" (that is, to life insurance coverage that would continue "without payment of further premiums") if, among other things, "before attaining the age of sixty years ... [the employee] became totally and permanently disabled." The parties agree that the group policy is an employee benefit plan governed by ERISA.

On or about November 11, 1985, less than two months after his sixtieth birthday, Mr. Thomason suffered a stroke. In June 1986 he thereby became entitled to and subsequently received long-term disability benefits from Aetna. Because the stroke occurred after Mr. Thomason had turned sixty, however, he did not qualify under the written terms of the plan for extended life insurance free of premium payments. He did have the option of continuing his coverage by converting the group life insurance policy to an individual policy, but he did not do so.

On September 27, 1988, Aetna sent Mr. Thomason a letter[1] that opened with the words, "Your Group Life Insurance Policy has been extended during your total disability without cost to you." Another such letter was sent on September 26, 1989.[2] Mr. Thomason died on January 9, 1990. Mrs. Thomason, a named beneficiary under the group policy, then filed a claim for $46,500 in life insurance benefits. Aetna denied the claim and this litigation ensued.

Plaintiff originally brought her suit in Illinois state court, alleging breach of contract and violation of the Illinois Insurance Code. Aetna thereafter removed the action to the federal system, on the ground that plaintiff's cause of action was preempted by ERISA and hence it involved a federal question. 28 U.S.C. §§ 1331, 1441(b). This was quite correct. With few exceptions not relevant here, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). See also *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1075 (7th Cir.1992) ("[A] complaint reciting that the claim depends on the common law of contracts is *really* based on [ERISA] if the contract in question is a pension plan.... [A] complaint about pensions rests on federal law no matter what label its author attaches.").

"[Federal preemption] knocks out any effort to use state law, including state common law, to obtain benefits under such a plan." *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 127 (7th Cir.1992). Plaintiff therefore filed an amended complaint in fed-

---

**1.** Aetna alleges that it had already sent the Thomasons a letter early in October 1986 explaining that while Mr. Thomason was eligible for long-term disability benefits, he was not eligible for the premium-free extended life insurance. In this appeal plaintiff argues that she and her late husband did not receive such a letter, citing her own Motion for Summary Judgment below. Plaintiff did not, however, file an affidavit nor provide any other evidence to this effect in response to Aetna's contrary affidavit. In its order below the district court therefore quite properly assumed the truth of Aetna's assertion. F.R.C.P. 56(c); cf. *Schroeder v. Copley Newspaper,* 879 F.2d 266, 269 n. 1 (7th Cir.1989). In any event, whether the letter was actually received or sent is immaterial to this analysis.

**2.** Each letter instructed the recipient to sign the bottom of the letter and return it to Aetna as an indication that the recipient continued to be "disabled" according to the terms of the policy. Mr. Thomason signed and returned both letters.

eral court that was purportedly based on federal common law: She would like this Court to hold that by sending Mr. Thomason letters apparently referring to continuing life insurance coverage, Aetna waived its right to rely on the express terms of its "extended coverage" provision. This requires the Court to determine whether such common law principles of waiver are applicable in the ERISA context.

### Analysis

■■■ That ERISA preempts state law, including state common law, does not mean that all common law concepts are automatically inapplicable in the ERISA context. On the contrary, Congress in passing the statute expected that "a federal common law of rights and obligations under ERISA-regulated plans would develop." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39; accord *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80; *Fox Valley & Vicinity Construction Workers Pension Fund v. Brown,* 897 F.2d 275, 281 (7th Cir.1990) (en banc), certiorari denied, 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41. Courts may develop such a federal common law only where ERISA itself "does not expressly address the issue before the court." *Nachwalter v. Christie,* 805 F.2d 956, 959 (11th Cir.1986). Where the statute is silent, courts must construct a common law that effectuates the policies underlying ERISA. *Black v. TIC Investment Corp.,* 900 F.2d 112, 114 (7th Cir.1990). In so doing, they may use state common law as a basis for new federal common law, but only to the extent that state law is not inconsistent with congressional policy concerns. *Nachwalter,* 805 F.2d at 960. "The ultimate objective is not to fulfill policy objectives of state law but to fulfill the congressional command embodied in the language and structure of the federal statute." *Fox Valley,* 897 F.2d at 284 (Ripple, J., dissenting).

■■■ The emerging ERISA common law will not always provide a substitute federal remedy for the preempted state law claim. *Pohl,* 956 F.2d at 128; *Lister v. Stark,* 890 F.2d 941, 946 (7th Cir.1989) ("the availability of a federal remedy is not a prerequisite for federal preemption"), certiorari denied, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584. In this case, if waiver is inapplicable in the ERISA context Mrs. Thomason will be without a remedy for her alleged harms, since her state law claims have been preempted. However, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins.,* 481 U.S. at 54, 107 S.Ct. at 1556.

■■■ In arguing for the application of waiver principles in the ERISA context, plaintiff relies on this Circuit's holding in *Black* that equitable estoppel will sometimes apply to ERISA claims. 900 F.2d at 115. Plaintiff argues either that "estoppel" is a broad concept that embraces waiver principles, or, alternatively, that our holding in *Black* should be extended to recognize waiver in the ERISA context. Waiver is a broad concept. The particular principles upon which plaintiff relies in this case, however, are fairly narrow. While leaving open the question of whether some waiver principles might apply in the ERISA context, this Court declines to apply the waiver principles upon which plaintiff relies to ERISA claims; therefore, Mrs. Thomason's suit must fail.

Plaintiff first argues that *Black,* having applied estoppel principles to certain ERISA actions, thereby stands for the proposition that waiver principles are likewise applicable to those actions. While it is true that the same facts that give rise to a claim of waiver may also support a claim of estoppel, *Mitchell v. Aetna Cas. and Surety Co.,* 579 F.2d 342, 348 (5th Cir.1978); *Central States, Southeast and Southwest Areas Pension Fund v. Ekco Products, Inc.,* 581 F.Supp. 374, 378–379 (N.D.Ill.1984), this is not enough to support plaintiff's argument. Waiver and estoppel are distinct, although related, concepts. Waiver is the "voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed." *Buffum v. Chase National Bank,* 192 F.2d 58, 60–61 (7th Cir.1951), cer-

tiorari denied, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702; accord *Loyola University of Chicago v. Humana Ins. Co.*, 996 F.2d 895, 901 (7th Cir.1993). An estoppel, on the other hand, "arises when one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation." *Black*, 900 F.2d at 115; accord *Central States*, 581 F.Supp. at 378. Facts that give rise to an estoppel need not support a finding of waiver, and vice versa. See, *e.g., Saverslak v. Davis–Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir.1979), certiorari denied, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 762; *Mitchell*, 579 F.2d at 348. Because the two concepts are not identical, plaintiff cannot simply rely on the holding in *Black* to establish the applicability of waiver to ERISA claims.

Plaintiff argues in the alternative that *Black* ought to be extended to embrace waiver principles. She suggests that the same policy reasons that militate in favor of the application of estoppel principles to some ERISA actions also militate in favor of the application of waiver principles to those actions. In some cases this might be true. The requisites to finding a valid waiver of a

known right are not as well established as the requisites to finding an equitable estoppel. To find a valid expressed waiver, some courts require that the waiving party has received consideration for the waiver or that the non-waiving party has acted in reasonable reliance on the apparent waiver. See, *e.g.*, 28 Am.Jur.2d *Estoppel and Waiver* § 30 ("[i]t is generally held that a waiver must be accompanied by a consideration where the elements of estoppel are not shown"), § 159 (1966), and cases cited therein; 92 C.J.S. *Waiver: Nature of doctrine* (1955), and cases cited therein. Other courts hold, especially in the insurance context, that an implied waiver can be found without any detrimental reliance or exchange of consideration. See, *e.g.*, 46 C.J.S. *Insurance* §§ 785–786 (1993) ("[C]onsideration is unnecessary to establish a waiver or estoppel on the part of the [insurance] company precluding it from avoiding or forfeiting the contract of insurance. * * * [A waiver] may arise without the insurance company doing anything to mislead the insured to his disadvantage, prejudice, or injury.").[3]

In this case plaintiff concedes that she cannot establish any sort of detrimental reli-

---

**3.** Even in these cases, however, the waiving party has usually received some benefit, although perhaps not "consideration," which militates in favor of finding a valid waiver. See, *e.g.*, 44 Am.Jur.2d *Insurance* § 1574 (1982) ("The specific applicability of [principles of estoppel and waiver] to contracts of insurance is based upon the recognition that to allow either party ... to set up his own wrong as a defense to an obligation incurred under the policy, where such policy has been issued and held in good faith as an indemnity *and where premiums have been paid and received under it*, would be not only manifestly unjust, but contrary to settled rules of law.") (emphasis added).

Plaintiff has cited several cases of so-called insurance waiver in support of her proposition that waiver may be found when there has been no detrimental reliance on the part of the non-waiving party. In some of these cases the plaintiff is relying on dicta, since on the facts before the court no waiver was found. *Western Casualty & Surety Co. v. Brochu*, 105 Ill.2d 486, 86 Ill.Dec. 493, 475 N.E.2d 872 (1985); *Allstate Ins. Co. v. National Tea Co.*, 25 Ill.App.3d 449, 323 N.E.2d 521 (1st Dist.1979). In others, while a waiver was found, the facts are inapposite to plaintiff's position. *Swader v. Golden Rule Ins. Co.*, 203 Ill.App.3d 697, 148 Ill.Dec. 793, 561 N.E.2d 99 (5th Dist.) (waiver found on the facts

before the court when these facts also supported a finding of estoppel), appeal denied, 135 Ill.2d 567, 151 Ill.Dec. 393, 564 N.E.2d 848 (1990); *Pinson v. Allstate Ins. Co.*, 68 Ill.App.3d 788, 25 Ill.Dec. 367, 386 N.E.2d 638 (1st Dist.1979) (company waived its defense that the contract provision under which the insured sought to recover was unconstitutional, when it continued to pay her benefits under the terms of the policy for 12 months after the provision had been declared unconstitutional).

In the remainder of the cases upon which plaintiff relies, waiver was found, but the facts demonstrate that there was some reason beyond the waiving party's bare misrepresentation to hold that party to the terms of the representation. Usually the insurer refused to satisfy claims made under a policy on the ground that the policy had lapsed due to non-payment of premiums; the insurer had subsequently accepted premium payments, however. *Baxter v. Metropolitan Life Ins. Co.*, 318 Ill. 369, 149 N.E. 243 (1925); *Van Hulle v. State Farm Ins. Co.*, 44 Ill.2d 227, 254 N.E.2d 457 (1969); cf. *Farmers & Merchants Bank v. Davis*, 151 Ill.App.3d 929, 104 Ill.Dec. 850, 503 N.E.2d 565 (2d Dist.), appeal denied, 115 Ill.2d 540, 110 Ill.Dec. 455, 511 N.E.2d 427 (1987). *In such cases the insurer is asking that it be allowed to elect, after accepting late premium payments, whether to treat the policy as remaining in force (if the insured suf-

ance on the misleading letters that Aetna sent. Nor did she give Aetna consideration for the alleged waiver. The waiver that plaintiff seeks, then, is a something-for-nothing kind of waiver whereby Aetna will be held to the terms of its misleading representations for no reason other than that it made them. This Court will not apply such waiver principles to ERISA actions.[4]

The policies enunciated by *Black* for applying estoppel principles to certain ERISA actions were two-fold: "In cases such as these where there is no danger that others associated with the Plan can be hurt, there is no good reason to breach the general rule that misrepresentations can give rise to an estoppel. *There is no reason for the employee who reasonably relied to his detriment on his employer's false representations to suffer. There is no reason for the employer who misled its employee to be allowed to profit from the misrepresentation.*" 900 F.2d at 115 (emphasis added). The concern was both for detriment to the relying party and for unjust enrichment on the part of the party to be estopped. The waiver principles that plaintiff argues ought to be applied to her ERISA claims are based neither on detriment to her nor on benefit to Aetna. To the extent that the common law will sometimes hold parties to the terms of a misleading representation for no reason other than the circumstance that such a misleading representation was made, such is not the common law of ERISA in this Circuit.

This Court reaches the same conclusion as the district court in this case: Summary judgment in favor of the defendants is appropriate because (her state law claims having been preempted) plaintiff is unable to base her claims on the federal common law of ERISA. The district court reached this conclusion, however, on the assumption that *Black* had been overruled *sub silentio* by two later cases from this Circuit. The judge concluded that estoppel principles generally can no longer be applied to ERISA actions. Because the continuing validity of *Black* has been cast in doubt, this case provides a good opportunity to reaffirm the applicability of estoppel principles to certain ERISA actions.

Several district courts have addressed the issue of whether *Black* has been overruled by *Pohl*, 956 F.2d at 126, and *Bartholet*, 953 F.2d at 1073. *Mary Ellen Thomason v. Aetna*, No. 91–2081, Unpublished Order at 3, 1992 WL 547732 (C.D.Ill.1992) (concluding that *Black* was overruled); *P.I.A. Michigan City, Inc. v. National Porges Radiator Corp.*, 789 F.Supp. 1421, 1429 (N.D.Ill.1992) (concluding that it was not).[5] The facts of *Black* involved a written communication concerning the plaintiff's right to severance pay, pursuant to an ERISA-governed plan, in a bankruptcy proceeding.[6] The Court held that equitable estoppel principles are applicable, under federal common law, to certain ERISA claims, where the actuarial soundness of the

---

fers no loss) or as having lapsed (if the insured does suffer a loss). While the insured might not, in such a case, have relied to his detriment on the representation that he was insured (although it is easy to see how detrimental reliance could arise in such a case), clearly the insurer is attempting to reap a benefit to which it is not entitled—the ability to keep premium payments when it is, post hoc, convenient to do so, while returning them when it is not.

4. Plaintiff cites *Loyola University of Chicago*, 996 F.2d at 901, in support of the proposition that a claim based on the legal theory of waiver may be stated under ERISA. While that case discussed both waiver and estoppel theories, it held that neither was available under the facts of the case.

5. But see *Russo*, 984 F.2d at 767 (citing *Black* with approval); *Vershaw v. Northwestern National Life Ins. Co.*, 979 F.2d 557, 559 (7th Cir.1992) (discussing with approval both *Pohl*, 956 F.2d at 128, and *Black*, 900 F.2d at 115, and applying

the reasoning of *Pohl* to the defendant's allegedly misleading oral representations while applying *Black* to the defendant's allegedly misleading actions).

6. The communication, a notice of termination of Black's employment, implied that Black was eligible for $18,469 in severance pay, "subject to the approval processes required under Chapter 11." He filed a claim for this amount, only to have the trustees in bankruptcy deny it on the ground that the plan had been eliminated by the company (as was its right) prior to Black's termination. Black argued that the company was estopped from challenging the validity of his claim since the notice of termination, sent after the plan itself was eliminated, implied that he remained entitled to the severance pay. 900 F.2d at 113. Because Black, unlike Mrs. Thomason, was able to allege reasonable detrimental reliance in addition to the misleading representation, this Court remanded the case for a trial on the merits. *Id.* at 116.

plans will not be threatened by such an application. 900 F.2d at 115. *Pohl* and *Bartholet,* by contrast, reaffirmed that the explicit language of the statute does not allow oral modifications of ERISA-governed plans.[7] *Pohl,* 956 F.2d at 128; *Bartholet,* 953 F.2d at 1078.[8]

These cases did not overrule *Black.* First, *Black* involved a written, not an oral, communication concerning an ERISA-governed plan; hence the "no oral modifications" rule was never an issue in that case. 900 F.2d at 113. Second, it is still an open question in this Circuit whether all oral communications concerning ERISA plans are attempted "modifications" of the plans, and are therefore unenforceable.[9] The Eleventh Circuit has recognized a distinction between oral *modifications* of ERISA plans (terms not enforceable), and oral *interpretations* of those plans (terms enforceable, in appropriate cases, if they give rise to an estoppel). *Alday v. Container Corp. of America,* 906 F.2d 660, 666 (1990), certiorari denied, 498 U.S. 1026, 111 S.Ct. 675, 112 L.Ed.2d 668; *Kane,* 893 F.2d at 1285, 1286. This Circuit has not directly addressed the issue.[10] To the extent that the communication in *Black* interpreted, rather than modified, the ERISA plan in question, this is another distinction between its facts and the facts of *Pohl.*[11]

In sum, *Black* is still the law of this Circuit. Estoppel principles can be applied to certain ERISA actions. This does not mean, however, that all waiver principles are equally applicable. Waiver and estoppel are distinct concepts. This Court, therefore, must make a separate determination of the applicability of waiver principles to ERISA claims. As in the case of estoppel, the statute is silent on this issue. We must therefore look to the emerging federal common law of ERISA, utilizing state law as a basis of the federal common law only to the extent that such state law is not inconsistent with congressional policy concerns. While it might be appropriate to apply certain waiver principles to ERISA claims, the waiver principles upon which plaintiff relies are not among them.

For the foregoing reasons, the judgment of the district court is affirmed.

7. This principle had already been established by *Lister v. Stark,* 890 F.2d 941 (7th Cir.1989), and *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service,* 870 F.2d 1148 (7th Cir.1989) (en banc).

8. The district court in this case reasoned that *Pohl* and *Bartholet* had overruled *Black* because one of them "held that there must be a written plan for an action to arise under ERISA" and the other one "reasoned that a written ERISA plan must be enforced to the letter." Unpublished Order, p. 3, citing *Bartholet,* 953 F.2d 1073, and *Pohl,* 956 F.2d 126. This takes too expansive a view of those cases. Refusing to enforce oral modifications of a plan is not the same as automatically enforcing every written term of the plan. The district court in *P.I.A. Michigan City* thought that *Black* was potentially overruled by these later cases apparently because it believed that the communication at issue in *Black* was an oral one. 789 F.Supp. at 1429. *Pohl* involved oral communications. *Black* involved written ones.

9. See *Schoonmaker v. Employee Savings Plan of Amoco Corp. and Participating Companies,* 987 F.2d 410, 414 n. 4 (7th Cir.1993) (whether Eleventh Circuit distinction applies in this Circuit has not been resolved); *Russo,* 984 F.2d at 767–768 (Eleventh Circuit distinction would not apply on the facts before the Court); *Lockrey v. Leavitt Tube Employees' Profit Sharing Plan,* 766 F.Supp. 1510, 1515 (N.D.Ill.1991) (citing with approval *Kane v. Aetna Life Ins. Co.,* 893 F.2d 1283 (11th Cir.1990), certiorari denied, 498 U.S. 890, 111 S.Ct. 232, 112 L.Ed.2d 192).

10. Strong dicta in *Pohl* indicates, however, that such a distinction might not be recognized in this Circuit. 956 F.2d at 128.

11. Interestingly, *Bartholet,* while it was read by the plaintiff and by the court below as a "no oral modifications" case, in fact dealt with a written contract to create a pension plan with certain benefits. 953 F.2d at 1076. *Bartholet* pointed out that if the alleged contract had been oral, the plaintiff would have been without a cause of action under ERISA. *Id.* at 1078. It held, however, that since the alleged contract was written, the case must be remanded to the district court for a determination of whether the facts alleged would support *any* cause of action under ERISA. *Id.* This holding is consistent with the development of a vigorous common law of ERISA, and does not cast any doubt upon the continuing validity of *Black.*