**Ernest M. BOLLING, Appellee,**

v.

**ELI LILLY AND COMPANY; Employee Benefits Committee, Appellants.**

**Ernest M. BOLLING, Appellant,**

v.

**ELI LILLY AND COMPANY; Employee Benefits Committee, Appellees.**

**Nos. 92–2110, 92–2684.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1992.

Decided April 7, 1993.

Larry Michael Schumaker (argued), Kansas City, MO, for appellant.

H. Kent Desselle argued (Pamela J. Taylor and H. Kent Desselle on brief), Independence, MO, for appellees.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FAGG, Circuit Judge.

Former employee Ernest M. Bolling requested benefits under Eli Lilly and Company's (Eli Lilly) extended disability benefits plan. Bolling asserted he resigned in 1984 because he was disabled from working because of depression and other mental

problems caused by a 1983 work-related head injury. Finding there was insufficient evidence to show Bolling was disabled when he resigned, the Employee Benefits Committee (Committee) denied Bolling's request. Bolling then filed this action under 29 U.S.C. § 1132(a)(1)(B) to recover plan benefits. The district court concluded the Committee abused its discretion in finding Bolling was not disabled and thus awarded Bolling disability benefits. Eli Lilly appeals. We reverse the district court's order.

■ Under Eli Lilly's plan, Bolling was eligible for disability benefits if his active employment ended because he was unable to engage in any occupation for profit. Eli Lilly's plan gave the Committee "the exclusive right to interpret the terms and provisions of the Plan and to determine any and all questions arising under the Plan," and all Committee decisions were "final, conclusive, and binding upon all persons." Because the plan gave discretionary authority to the Committee to determine eligibility for plan benefits, the district court had to review the Committee's fact-based decision that Bolling was not disabled when he resigned under a deferential abuse of discretion standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989); *Cox v. Mid–America Dairymen, Inc.*, 965 F.2d 569, 571–72 (8th Cir.1992). We review the district court's application of the deferential standard de novo. *Bernards v. United of Omaha Life Ins. Co.*, 987 F.2d 486, 488 (8th Cir.1993) (per curiam).

■ The crucial issue before the Committee was not whether Bolling had become disabled, but when he became disabled. Having considered the conflicting evidence on this issue that was before the Committee when the final decision was made, we conclude the Committee did not abuse its discretion. *Cox*, 965 F.2d at 571–72; *Bernards*, 987 F.2d at 488; *see* Restatement (Second) of Trusts § 187 cmts. d, e, i (1959).

After injuring his head, Bolling did not tell Eli Lilly about the injury, seek medical treatment, or miss a single day of work. Bolling's 1983–1984 employment and medical records do not show he was depressed or suffered any other mental problems. After a period of poor work performance, Eli Lilly gave Bolling the option to work through a probationary period of time, but Bolling chose to resign. After 1984 surgery for neck and arm pain, Bolling's surgeon released him to work, and Bolling looked for a job. Finding none, Bolling applied for unemployment benefits, thus representing he was available for work. Bolling later worked in a sales position for several months. In January 1985, Bolling first mentioned his head injury to his doctor, and in October, another doctor hospitalized Bolling for severe depression. Although several doctors who examined Bolling years after the injury concluded Bolling was disabled when he resigned, their conclusions were questionable because Bolling provided them with inaccurate employment and medical information, and one of the doctors acknowledged it was speculative whether Bolling was disabled while he worked for Eli Lilly. A consulting physician who reviewed Bolling's employment and medical records informed the Committee that he found no indication Bolling was disabled during his employment with Eli Lilly. Unlike the district court, we conclude the evidence does not mandate a finding that Bolling was disabled when he resigned from Eli Lilly.

Instead of engaging in deferential review to determine whether the Committee's decision was beyond the bounds of a reasonable judgment, the district court viewed the evidence in the light most favorable to Bolling, faulted the Committee for relying on the consulting physician's review of Bolling's employment and medical records, and essentially held the conclusions formed by Bolling's doctors years after his work-related injury were binding on the Committee. "In so doing, the district court went beyond the deferential standard of review and substituted its own weighing of the conflicting evidence for that of the [Committee]. In other words, ... the district court [effectively] conducted an improper *de novo* review [of the evidence]." *Cox*, 965 F.2d at 573. The Committee did not abuse its discretion merely because there was evidence

before it that would have supported an opposite decision. When the conflicting evidence before the Committee is viewed deferentially, we cannot say the Committee's decision denying Bolling benefits was unreasoned. *See Firestone*, 489 U.S. at 111, 109 S.Ct. at 954; *Cox*, 965 F.2d at 571–72.

Accordingly, we reverse the district court's order.