**92**

Janie Marline MATHIS, Plaintiff,

v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, et
al., Defendants.

No. 3:94–CV–2035–T.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 20, 1994.

Cynthia Anne Leiferman, Law Office of Cynthia A. Leiferman, Dallas, TX, for plaintiff.

James Leroy Johnson, Law Office of James L. Johnson, Dallas, TX, for defendants.

Maura Reilly Crawford, Andrews & Kurth, Dallas, TX, for Aetna Life Ins. Co.

## ORDER DENYING APPLICATION FOR PRELIMINARY INJUNCTION

MALONEY, District Judge.

Before the Court is Plaintiff's Application for a Preliminary Injunction. On October 7, 1994, the Court held a hearing on the application. After considering the application, the response, and the arguments and evidence presented at the hearing, the Court is of the opinion that the application should be denied.

Initially, Plaintiff sought a preliminary injunction to compel Defendants Connecticut General, CIGNA, and Intracorp. to pre-certify her for in-patient treatment for chronic pain under the insurance policy her husband obtained through his employment. Plaintiff based her claims on various state law grounds. Defendants removed the case contending that the policy in question was an employee welfare benefit plan established and maintained pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* and that Plaintiff's claims were thus preempted. Plaintiff disputes the existence of an ERISA plan; however, upon an unopposed motion, she filed an amended complaint and application to include ERISA claims.[1]

As a preliminary matter, the Court must satisfy itself that the particular benefit arrangement constitutes an employee welfare

---

**1.** Furthermore, Plaintiff added Defendants Packaging Corporation of America, Intracorp. Inc., a North Dakota Corporation, and International Rehabilitation Associates, Inc.

benefit plan under ERISA. *Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir. 1993).

First, the Court must determine from the surrounding circumstances whether a reasonable person could ascertain the intended benefits, beneficiaries, source of funding, and procedures for receiving benefits. *Id.* Here, a reasonable person could ascertain the intended benefits and that the beneficiaries were the employees of Packaging Corporation of America (PCA). Additionally, it is undisputed and reasonably ascertainable that PCA was the source of funding for the arrangement. Lastly, a reasonable person could ascertain the claim procedures from the Plan Summary.[2]

Second, to be an ERISA employee welfare benefit plan, the arrangement must not be excluded from ERISA by Department of Labor regulations. *Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 175 (5th Cir.1994). However, simply because an arrangement is not excluded under the Department of Labor regulations does not mean that it is covered by ERISA. *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 977 (5th Cir.1991). The arrangement may still qualify (not be excluded) as an ERISA plan if any one of the following conditions are met: (1) PCA contributes to the arrangement; (2) participation is not voluntary; (3) PCA's role is not limited to collecting premiums and remitting them to the insurer; or (4) PCA profits from the plan. *Meredith,* 980 F.2d at 355. Here, the evidence shows that PCA's role was not limited to collecting and remitting premiums; rather, PCA paid the premiums.

Third, the Court must determine whether the plan "falls within the broad parameters of ERISA." *Meredith,* 980 F.2d at 355. The two primary elements of an ERISA plan are: (1) whether PCA established and maintained the plan and (2) whether PCA intended to provide benefits to its employees. *Id.* at 355–56. Here, the evidence presented at the hearing established both of these elements. The Plan Summary and Plaintiff's claim payment forms establish that PCA established and maintained a plan for its employees and that it intended to provide them benefits.

As all the criteria are met, the Court finds the arrangement to be an employee welfare benefit plan within the meaning of ERISA. Therefore, Plaintiff must show that she is entitled to a preliminary injunction under the terms of the plan and remedies of ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987).

To receive a preliminary injunction, Plaintiff must meet the following factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage the injunction may cause Defendant, and (4) the injunction will not disserve the public interest. *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991). Furthermore, Plaintiff bears a heavier burden because she is seeking a mandatory preliminary injunction. *Tate v. American Tugs, Inc.,* 634 F.2d 869, 870 (5th Cir.1981).

In reviewing the factual determinations of a plan administrator, the Court will use an abuse of discretion standard. *Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 100–01 (5th Cir.1993). Further, the Court is limited to the evidence available to the plan administrator when it made its determination. *Id.* at 102. Plaintiff sought precertification for in-patient chronic pain treatment for several months during 1994. Under the terms of the plan, the primary issue is whether in-patient care was medically necessary.[3] Defendants contend that Plaintiff's physician, Howard Cohen,

---

2. Your Plan of Benefits (Plaintiff's Exhibit 1) ("Plan Summary"). Obviously, the plan procedures were reasonably ascertainable by Plaintiff, as evidenced by the records of medical claims paid under the plan introduced at the hearing.

3. Although Defendants argue that Plaintiff has not shown the terms of the plan and, further, that she cannot show its terms because it is currently being drafted, the Court held at the October hearing that the terms would be governed by the Plan Summary.

never adequately explained why Plaintiff required in-patient rather than out-patient care. Defendants sent Cohen a letter requesting a physician's narrative regarding the necessity for specialists outside of Plaintiff's community to treat her and the medical necessity for in-patient treatment. Although Cohen responded, explaining the need for treatment outside of her community and the nature of multidisciplinary treatment, Cohen did not specify why in-patient care rather than out-patient care was necessary. Additionally, Cohen began telephone efforts, in August 1994, to obtain pre-certification for Plaintiff. At the hearing, Cohen testified that he spoke with a doctor associated with Defendants regarding Plaintiff's treatment. However, it was not clear that Cohen told Defendants' physician that out-patient treatment would be ineffective or was medically nonfeasible. Also, Cohen testified that Plaintiff needed in-patient care to monitor her efforts to reduce her use of narcotics. However, it is unclear that this need was apparent during the period of Plaintiff's earlier pre-certification requests, and the Court is limited to that time period. Generally, a plan administrator's decision is not an abuse of discretion where it requests but does not receive additional information. *See e.g., Pierre v. Connecticut Gen. Life Ins. Co.,* 932 F.2d 1552, 1563 (5th Cir.1991), *cert. denied,* 502 U.S. 973, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991).

As the Court can only consider the factual information available to the plan administrator, *Moore,* 993 F.2d at 102, and cannot reweigh that evidence, *Bolling v. Eli Lilly & Co.,* 990 F.2d 1028, 1029–30 (8th Cir.1993), the Court cannot find that Defendants abused their discretion in denying Plaintiff's request for pre-certification. However, Plaintiff may continue her efforts to receive pre-certification, and any determination by Defendants may become ripe for further review.

It is therefore **ORDERED** that Plaintiff's Application for a Preliminary Injunction is **denied.**