### Thomas MAUNE; Helen Maune, Appellants,

v.

### INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL # 1, HEALTH AND WELFARE FUND; Donald Bresnan; Donald J. Gralike; Robert Kaemmerlen; Floyd Krickhahn; Douglas S. Martin, Trustees of IBEW Local No. 1 Health and Welfare Fund; Robert Miller, Trustee, Appellees.

### No. 95–2612.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1996.

Decided May 13, 1996.

---

Mary P. Schroeder, St. Louis, MO (argued), for Appellants.

Thomas J. Grady, St. Louis, MO (argued), for Appellees.

Before WOLLMAN, HEANEY, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Thomas and Helen Maune brought this action against the International Brotherhood of Electrical Workers, Local No. 1 Health and Welfare Fund (the "Fund") and its trustees pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) after the Fund denied Helen Maune's claim for health care benefits. The district court granted summary judgment for the Fund and awarded attorney's fees, and the Maunes subsequently appealed. We affirm in part and reverse in part.

## I.

Thomas Maune is a member of International Brotherhood of Electrical Workers, Local No. 1 ("IBEW") and is a participant in the Fund. The Fund is an employee welfare benefit plan under ERISA, 29 U.S.C. § 1002(1) and is administered in accordance with the IBEW Fund Trust Agreement (the "Trust Agreement") and the IBEW Fund Plan (the "Plan"). Helen Maune, as a dependant, is covered by the Plan.

In 1986, Ms. Maune was diagnosed with breast cancer and had her right breast removed. After a similar diagnosis was made in 1988, her left breast was removed. In 1989, Ms. Maune had silicone implants surgically inserted in both breasts. Following the operation, she began to experience joint pain, stiffness, fatigue, and low grade fevers. She was eventually referred to Dr. Klearman, a rheumatologist. In April 1992, Dr. Klearman diagnosed Ms. Maune as having symptoms of arthritis. She also noted that Ms. Maune might have a mild case of lupus. Dr. Klearman did not recommend removal of the implants, noting that there were no hard data verifying a link between silicone breast implants and lupus. Instead, she prescribed Clinoril, an anti-inflammatory drug commonly used for arthritis. Ms. Maune went to see Dr. Khouri, a plastic surgeon, for a second opinion. Believing that the silicone breast implants were causing the symptoms, Dr. Khouri recommended removal.

In Ms. Maune's follow-up visit to Dr. Klearman in May 1992, Dr. Klearman noted an improvement in Ms. Maune's joint pain and inflammation. She disagreed with Dr. Khouri's recommendation and suggested that Ms. Maune wait one year before removing the implants, again noting that there were no medical data to suggest that Ms. Maune's illness was related to the implants. In July 1992, Dr. Klearman noted that Ms. Maune had no muscle tenderness and that her joint exam was normal. Her notes from that visit also reflect that Ms. Maune was doing "fairly well" with her joint pain and fatigue.

Ms. Maune decided to proceed with the surgery and sought pre-certification from the Fund. Dr. Farrier, the Fund's medical consultant, concluded that the surgery was not medically necessary. Specifically, he pointed to Dr. Klearman's notes that stated that Ms. Maune had symptoms of arthritis and had responded favorably to the Clinoril; the lack of evidence that Ms. Maune actually had lupus; and the absence of any link between silicone breast implants and lupus.

Dr. Farrier also noted that Dr. Khouri had incorrectly assumed that Ms. Maune had been diagnosed with lupus when in fact no such diagnosis had ever been made. By letter dated September 11, 1992, the Fund denied the Maunes' request for pre-certification, finding that the surgery was not medically necessary.

The Maunes then submitted additional information in support of their claim, including a letter from Dr. Young, the surgeon who had inserted the implants. In his letter, Dr. Young stated that he believed there to be a connection between breast implants and autoimmune diseases such as lupus. He submitted a medical journal article and the results of his own study purporting to show such a link. After reviewing the additional evidence, Dr. Farrier again concluded that the procedure was not medically necessary. He discounted Dr. Young's study because it was ongoing and had not been subjected to peer review. Dr. Farrier was not persuaded by medical journal evidence that had been submitted because it failed to indicate that silicone breast implants cause autoimmune diseases such as lupus.

The Maunes also submitted a letter from Dr. Klearman. Modifying her earlier opinion, Dr. Klearman noted that an increasing number of reports link silicone breast implants and lupus. She felt the procedure should be covered by the Plan because Dr. Khouri "strongly recommended" removal. Dr. Farrier considered the letter, but did not change his opinion that the procedure was not medically necessary. By letter dated September 23, 1992, the Fund again denied pre-certification, and the Maunes subsequently appealed the denial.

On October 6, 1992, while the Fund was considering her appeal, Ms. Maune underwent surgery to remove the implants. After considering all of the evidence previously submitted by the Maunes, as well as Ms. Maune's medical records, the committee denied the appeal on October 13, 1992. The Maunes then filed a post-operative claim with the Fund. After reviewing Ms. Maune's hospital records, Dr. Farrier concluded that the surgery was not done for any proven medical condition. On January 8, 1993, the Fund denied the claim and advised the Maunes of their appeal rights.

In April 1993, the Maunes appealed the denial of benefits. They submitted additional evidence, including letters from Dr. Khouri and Dr. Klearman, to bolster their claim for benefits. Both Dr. Khouri and Dr. Klearman noted that Ms. Maune showed improvement in her previous symptoms following the surgery. After examining the evidence, Dr. Farrier renewed his prior findings because he was not persuaded that Ms. Maune's improvement was related to the removal of the implants. He noted that Ms. Maune had responded well to the Clinoril before the surgery and to Ansaid, a drug prescribed for her post-surgery. On June 25, 1993, the Fund again denied the claim after reviewing the additional evidence.

Having exhausted their administrative remedies, the Maunes filed suit against the Fund and its trustees. The district court granted the Fund's motion for summary judgment and awarded the Fund approximately $25,000 in attorney's fees. The Maunes appeal, claiming that the district court erred in granting summary judgment for the Fund, in granting the Fund's motion for stay of discovery pending a ruling on the summary judgment motion, and in awarding attorney's fees to the Fund.

## II.

We review a grant of summary judgment de novo. *Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co.*, 69 F.3d 868, 870 (8th Cir.1995). Because the Trust Agreement and the Plan gave the trustees discretionary authority to determine eligibility of benefits, the district court reviewed the trustees' decision that the procedure was not medically necessary for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Collins v. Central States Health & Welfare Fund*, 18 F.3d 556, 559 (8th Cir.1994). We review the district court's application of this standard de novo. *Bolling v. Eli Lilly & Co.*, 990 F.2d 1028, 1029 (8th Cir.1993). "This highly deferential standard reflects the fact that 'courts are hesitant to

interfere with the administration of a pension plan.'" *Cox v. Mid–America Dairymen, Inc.*, 13 F.3d 272, 274 (8th Cir.1993) (quoting *Bueneman v. Central States, S.E. & S.W. Areas Pension Fund*, 572 F.2d 1208, 1209 (8th Cir.1978)). Thus, we will uphold the trustees' decision to deny benefits if it is reasonable. *Cox*, 13 F.3d at 274 (citing *Finley v. Special Agents Mutual Benefit Ass'n*, 957 F.2d 617, 621 (8th Cir.1992)); *see also Donaho v. FMC Corp.*, 74 F.3d 894, 899–900 (8th Cir.1996).

Section 5.1(d) of the Fund's Summary Plan Description states, "No benefits are payable for any charge incurred unless: (1) It is for treatment that is generally accepted medical practice and, it is medically necessary to restore a person's health and is not an operation, service or device of questionable benefit[.]"

■ We conclude that the record contains ample evidence to support the trustees' decision that the procedure was not medically necessary. First, Dr. Klearman did not recommend the surgery because there was no evidence to suggest that Ms. Maune's symptoms were related to the implants. It was only after the Fund denied Ms. Maune pre-certification for benefits that Dr. Klearman modified her earlier opinion. In spite of this modification, Dr. Klearman did not retract her earlier diagnosis or personally recommend removal. In addition, Dr. Khouri and Dr. Young both mistakenly believed that Ms. Maune had been diagnosed with lupus when no such diagnosis had been made. Even if Ms. Maune had been diagnosed with lupus, there was no conclusive evidence submitted by the Maunes to suggest that silicone breast implants caused the disease. Finally, Ms. Maune responded favorably to the arthritis medication prescribed by Dr. Klearman. Viewing the conflicting evidence before the trustees under the deferential standard of review applicable to this case, we cannot say that their decision to deny benefits was unreasonable. *See Bolling*, 990 F.2d at 1030.

■ The Maunes also claim that the district court erred in granting the Fund's request for stay of discovery pending a ruling on its summary judgment motion. In determining whether the denial of benefits was reasonable, the district court was limited to reviewing the evidence presented to the trustees. *Collins*, 18 F.3d at 560. Because the district court had before it all of the evidence relied on by the trustees in denying the claim, it properly denied the Maunes the opportunity to conduct further discovery.

■ Finally, the Maunes contend that the district court erred in awarding attorney's fees to the Fund. Under ERISA a court "may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). We review the district court's awarding of attorney's fees for abuse of discretion. *Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 729 (8th Cir.1995).

■ A court should consider the following factors in deciding whether to award attorney's fees:

> (1) the degree of culpability or bad faith which can be assigned to the opposing party, (2) its ability to pay, (3) the potential for deterring others in similar circumstances, (4) whether the moving party sought to benefit all plan participants or beneficiaries or to resolve a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions.

*Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1329 (8th Cir.1995) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 495–96 (8th Cir.1984) (per curiam)). The district court, in explaining its reasons for awarding attorney's fees to the Fund, stated:

> There is no evidence before the Court that plaintiffs pursued this action in bad faith. Plaintiffs have not argued that they are unable to satisfy an award of attorneys' fees. Although the Court is concerned that an award of attorneys' fees may discourage others from pursuing an action for wrongful denial of benefits, plaintiffs continued to pursue their claims despite the well reasoned and scientifically supported opinions of the defendants and their experts. Defendants benefited all participants of the Fund by actively defending against a claim that was not covered by the [Summary Plan Description], thus preserving valuable Fund assets. Plaintiffs pur-

sued meritless claims for failure to provide a copy of the plan and failure to identify the appeals procedure. Although their claim for denial of benefits was colorable, the stringent standard of review made it very unlikely that they would prevail.

An abuse of discretion occurs when the district court "commits a clear error of judgment" in weighing the relevant factors. *Continental Assurance Co. v. Cedar Rapids Pediatric Clinic,* 957 F.2d 588, 594 (8th Cir.1992) (citations omitted). After reviewing the factors that govern the award of attorney's fees and the district court's analysis thereof, we conclude that the district court erred in awarding attorney's fees. The district court specifically found that the Maunes did not bring their claim in bad faith and recognized that an award of attorney's fees to the Fund may discourage others who are similarly situated from bringing claims for wrongful denial of benefits. These factors clearly weigh against awarding attorney's fees to the Fund, especially in light of the fact that section "1132(g), like the rest of ERISA, is remedial legislation that should be construed liberally in favor of those persons it was meant to benefit and protect, namely, participants in and beneficiaries under covered pension and welfare plans." *See Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980).

Although the district court found that the Maunes had little chance of succeeding on their claim for denial of benefits, it did not find the claim to be without merit. The Maunes pursued their claim after two of Ms. Maune's treating physicians recommended removal of the implants. Dr. Young based his recommendation on a study of patients who had received silicone breast implants and had similar symptoms. In addition, Ms. Maune submitted evidence from her physicians confirming that her symptoms had improved following the surgery. In these circumstances, we believe that the Maunes' claim was of sufficient merit to warrant further action against the Fund. *See Consolidated Beef Indus. v. New York Life Ins.,* 949 F.2d 960, 966 (8th Cir.1991) (denying attorney's fees to defendant who prevailed in ERISA action when plaintiff's claims involved legal issues that were serious and sufficiently debatable), *cert. denied,* 503 U.S. 985, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992); *see also Continental Assurance Co.,* 957 F.2d at 594 (finding by district court that plaintiff's claims were not frivolous implicitly resolved remaining fee factors in plaintiff's favor except ability to pay factor which was irrelevant when other factors dictated against fee award).

The district court's order granting summary judgment is affirmed. The order awarding attorney's fees is reversed.