**Jackie SHRADER, Plaintiff,**

v.

**HARMAN MINING CORP., Defendant and Third–Party Plaintiff,**

v.

**Michael H. HOLLAND, et al., as Trustees of the United Mine Workers of America 1974 Pension Plan and Old Republic Ins. Co., Third–Party Defendants.**

**Civil Action No. 96–0058–A.**

United States District Court, W.D. Virginia, Abingdon Division.

April 3, 1997.

---

John M. Lamie, Abingdon, VA, for Jackie Shrader.

Thornton L. Newlon, Tazewell, VA, for Harman Mining Corp.

Stanford T. Mullins, Grundy, VA, for Old Republic Ins. Co.

Charlie R. Jessee, Jessee & Read, Abingdon, VA, Robert D. Valer, UMWA Health and Retirement Funds, Washington, DC, for UMWA.

GLEN M. WILLIAMS, Senior District Judge.

This action is presently before this court on Third–Party Defendants' Michael H. Holland, Donald E. Pierce, Elliot A. Segal, and Joseph J. Stahl II (collectively, "Trustees") Fed.R.Civ.P. 12(b)(1) and (6) motions to dismiss. Third–Party Plaintiff Harman Mining Corporation (Harman) opposes the Trustees' motion. In considering a Fed.R.Civ.P. 12(b)(1) and (6) motions, this court will not consider any matters outside the pleadings which have been presented to this court.

## I.

Plaintiff Jackie Shrader (Shrader) originally filed this action against Harman pursuant to 29 U.S.C. §§ 185 and 1132 alleging that Harman has refused to provide health benefits due to Shrader. Harman admits that it has refused to provide the health benefits. However, Harman asserts that it is justified in doing so because the Trustees erroneously granted Shrader pension benefits under the United Mine Workers of America (UMWA) 1974 Pension Plan (1974 Pension Plan). In its collective bargaining agreements (CBA) with the UMWA,[1] Harman is required to contribute to the 1974 Pension Plan. Under these CBAs, Harman's liability to provide health benefits to Shrader is contingent upon the Trustee's determination of eligibility under the 1974 Pension Plan, which is incorporated into the agreements by reference, for benefits. Harman filed a third-party complaint against the Trustees alleging that the Trustees breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001, et seq., by failing to investigate and determine the eligibility of Shrader for a pension as required by Article XX(g)(3) of the 1988 National Bituminous Coal Wage Agreement and in finding that Shrader is eligible for pension benefits under the 1974 Pension Plan.

## II.

█ Harman first alleges jurisdiction under § 302 of the Labor Management Relations Act (LMRA). 29 U.S.C. § 186. This section of the LMRA provides that employers may not pay anything of value to its employees in excess of their normal compensation for the purpose of influencing them in the exercise of their right to organized and bargain collectively. 29 U.S.C. § 186(a)(3). It further provides: "[i]t shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan or delivery of any money or other thing of value prohibited by subsection (a) of this section." 29 U.S.C. § 186(b)(1). Harman specifically cites section 302(c) as a basis for this court's jurisdiction. This section provides exceptions to the general rule stated above. At issue in this case is § 302(c)(5) which excepts from the above stated rule money paid by an employer for the sole and exclusive benefit of its employees provided that the money is placed in trust for the purpose of providing pensions on retirement or death of employees.

Harman argues that it has "long been recognized" that this section provides jurisdiction for the federal courts to enforce "compliance with standards for the administration of union welfare funds." (Brief in Opposition to Third–Party Defendant Trustees' Motion to Dismiss [Harman Brief] at 3). In 1993, the United States Supreme Court held that § 302(e), which provides jurisdiction to federal district courts to restrain violations of the section, "does not provide authority for a federal court to issue injunctions against a trust fund or its trustees requiring the trust funds to be administered in the manner described in § 302(c)(5)." *Local 144 Nursing Home Pension Fund, et al., v. Demisay,* 508 U.S. 581, 587, 113 S.Ct. 2252, 2257, 124 L.Ed.2d 522 (1993).[2] The Court held that § 302(e) provides jurisdiction to

---

1. Which agreements include the 1988 National Bituminous Coal Wage Agreement, the Wage Agreement of 1993, and the Wage Agreement of 1995. (Third Party Complaint at 2).

2. The issue in the *Demisay* case was whether a federal district court could issue an injunction pursuant to § 302 of the LMRA requiring the trustees of a multi employer trust fund to transfer assets from that fund to a new fund established by the employers.

"restrain" violations of § 302, and a violation of § 302

occurs when the substantive restrictions in §§ 302(a) and (b) are disobeyed, which happens, not when funds are administered by the trust fund, but when they are "pa[id], len[t], or deliver[ed]" to the trust fund, § 302(a), or when they are "receive[d], or accept[ed]" by the trust find or "request[ed], [or] demand[ed]" for the trust fund, § 302(b)(1).

508 U.S. at 588, 113 S.Ct. at 2257. The Court rejected the argument that § 302 should be interpreted expansively, as § 301 of the LMRA has been interpreted, so as to create "a specialized body of federal common law of trust administration." 508 U.S. at 589, 113 S.Ct. at 2258. The Court distinguished § 301, which provides jurisdiction for any violation of a contract between an employer and a labor union, from § 302 which only provides jurisdiction to restrain violations of that particular section. The Court found that "[t]here is nothing to suggest that [§ 302(c)(5) ] had the ambitious purpose of establishing an entire body of federal trust law, rather than merely describing the character of the trust to which payments are allowed...."[3] 508 U.S. at 590, 113 S.Ct. at 2258.

Harman cites the Supreme Court decision of *Arroyo v. United States,* 359 U.S. 419, 429–27, 79 S.Ct. 864, 869, 3 L.Ed.2d 915 (1959) in support of its argument that § 302(e) provides jurisdiction to enforce "compliance with standards for the administration of union welfare funds." (Harman Brief at 3). However, the *Demisay* decision specifically addresses the quote taken from *Arroyo* and language from other prior decisions which was also used in *Demisay* to support of the proposed jurisdiction under § 302(e):

But in any case, *Arroyo* was a criminal prosecution brought under § 302(d), and the statement was therefore pure dictum. Also dictum was our statement in *NLRB v. Amax Coal Co.,* 453 U.S. 322, 331, 101 S.Ct. 2789, 2795, 69 L.Ed.2d 672 (1981), later quoted in [*United Mine Workers of America Health & Retirement Funds v.*] *Robinson, supra,* 455 U.S. [562] at 570, 102 S.Ct. [1226] at 1231 [, 71 L.Ed.2d 419 (1982)], that "the 'sole purpose' of § 302(c)(5) is to ensure that employee benefit trust funds 'are legitimate trust funds, used actually for the specified benefits to the employees of the employers who contribute to them....'" ... This obiter quotation of a line from the floor debate on the LMRA cannot convert (1) a statutory statement of trust obligations that must exist to obtain an exemption into (2) a statutory authorization to enforce trust obligations.

508 U.S. at 591, 113 S.Ct. at 2258–59. In conclusion, the Court held that the "sole and exclusive benefit" and the "held in trust" provisions of § 302(c)(5) simply require a trust obligation for specified purposes which are "defined and enforced originally under state law ... and now under ERISA." 508 U.S. at 589, 113 S.Ct. at 2259.

The 1974 Pension Plan is an employee welfare benefit plan within the meaning of ERISA. 29 U.S.C. § 1002(1). ERISA provides that civil enforcement of the Act for breaches of fiduciary duty can be brought by the Secretary of Labor or by a participant, beneficiary, or fiduciary.[4] 29 U.S.C.

---

**3.** The United States Supreme Court held in *NLRB v. Amax Coal Co.,* 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981):

the rule against a trustee dividing his loyalties must be enforced with uncompromising rigidity.... [N]othing in the language of § 302(c)(5) [of the LMRA] reveals any congressional intent that a trustee should or may administer a trust find in the interest of the party that appointed him, or that an employer may direct or supervise the decisions of a trustee he has appointed. And the legislative history of the LMRA confirms that § 302(c)(5) was designed to reinforce, not to alter, the long-established duties of a trustee.

*Id.* at 329–31, 101 S.Ct. at 2794–95.

**4.** A participant is defined as: "any employee or former employee of an employer, ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). A beneficiary is defined as: "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). A person is a fiduciary "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its as-

§ 1132(a)(2). Harman does not fall within any of these categories.

In *Massachusetts Mutual Life Ins. Co., et al. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court stated:

> We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA. As we stated in *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 246 [62 L.Ed.2d 146] (1979): "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *See also Touche Ross & Co. v. Redington,* 442 U.S. 560, 571–574, 99 S.Ct. 2479, 2486–2488 [61 L.Ed.2d 82] (1979). "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Northwest Airlines, Inc. v. Transport Workers [Union of America],* 451 U.S., [77] at 97, 101 S.Ct., [1571] at 1583 [, 67 L.Ed.2d 750 (1981)].

473 U.S. at 147, 105 S.Ct. at 3093. ERISA's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 254, 113 S.Ct. 2063, 2067, 124 L.Ed.2d 161 (1993) (quoting *Russell,* 473 U.S. at 146–47, 105 S.Ct. at 3092). This court finds that Harman lacks standing to sue on the face of the ERISA remedial scheme.

Harman's second argument for jurisdiction is based on 28 U.S.C. § 1331(a)[5] and the Fourth Circuit case of *Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985 (4th Cir.1990) cert. denied, 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990). In *Waller,* the

defendant had been unjustly enriched and ERISA provided no appropriate remedy for the plaintiff. The Fourth Circuit held in that case that federal common law could be used as a basis for jurisdiction under 28 U.S.C. § 1331(a) for an action brought pursuant to ERISA even though the plaintiff did not qualify as an entity to sue for civil enforcement of the Act under 29 U.S.C. § 1132, but only because the issue involved was of "central concern" to the federal statute. *Id.* at 990. In *Waller* a plan administrator sought to recover, under the common law theory of unjust enrichment, money which was advanced to one of its participants.[6] *Id.* at 985.

■ Harman asserts two common law theories as bases for this court's jurisdiction—breach of fiduciary duty and unjust enrichment. A court may fashion a common law remedy where ERISA does not specifically address or give guidance on the issue. *Phoenix Mut. Life Ins. v. Adams,* 30 F.3d 554, 559 (4th Cir.1994) (footnoting *Thomason v. Aetna Life Ins. Co.,* 9 F.3d 645, 647 (7th Cir.1993) ("Courts may develop such a federal common law only where ERISA itself does not expressly address the issue before the court.") (citations omitted)).

■ In the present case, ERISA specifically addresses who may bring a breach of fiduciary duty claim under ERISA in 29 U.S.C. § 1132(a)(2). Those who may bring such a claim are the Secretary of Labor, a participant, a beneficiary, or a fiduciary. 29 U.S.C. § 1132(a)(2). Harman does not allege that it qualifies under any of these categories, and this court has found above that it does not so qualify. It is generally inappropriate to resort to federal common law where its application would conflict with the statutory provision of ERISA. *Singer v. Black & Decker Corp.,* 964 F.2d 1449, 1452–53 (4th Cir.1992). This court refuses to create a federal common law claim for breach of fidu-

---

sets, (ii) he render investment advice for a fee ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." *Id.* § 1002(21).

**5.** Section 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

**6.** The court recognized that the administrator probably had standing to sue as a fiduciary under § 1132(a)(3), but as there is little authority with regard to that question, it preferred to ground federal jurisdiction on the federal question provision. *Waller,* 906 F.2d at nn. 5–6.

ciary duty which would have the effect of circumventing a specific ERISA provision which has been interpreted as providing the exclusive remedial scheme intended by Congress.[7]

■ Harman also asserts a common law claim of unjust enrichment. Unjust enrichment was the basis of the *Waller* court jurisdiction; however, the *Waller* court did not issue a carte blanche rule allowing all claims for unjust enrichment. The court cautioned, "we are constrained to fashion only those remedies that are appropriate and necessary to effectuate the purposes of ERISA." *Waller,* 906 F.2d at 992. The court was careful to hold that "fashioning a federal common law rule of unjust enrichment is appropriate *in the circumstances of this case.*" *Id.* at 993 (emphasis added). The Fourth Circuit also found in *Waller* that allowing the claim by the administrator of the plan to recover advances paid to a participant is consistent with the purpose and intent of ERISA. *Id.*

Harman alleges that Jackie Shrader is unjustly enriched by the Trustees decision finding him disabled because of a mine accident. (Harman Brief at 7). Harman asserts it is directly harmed financially by the Trustees' finding that Shrader is entitled to disability retirement benefits and that such a determination is a core issue of ERISA. (*Id.*). It is true that a determination of disability is of central concern to ERISA; however, the true issue presented to this court is whether an employer has the right to challenge the Trustees' finding that a participant is eligible for benefits under the 1974 Pension Plan.

The statutory provisions of ERISA do provide some guidance on this issue. The trustees are empowered with the "full and final determination as to all issues concerning eligibility for benefits." *Boyd v. Trustees of the United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989); *Lockhart v. UMWA 1974 Pension Trust,* 5 F.3d 74, 77 (4th Cir.1993). ERISA specifically provides for remedies should the Trustees violate their duties under the plan or under ERISA, and none of these remedies allow an employer to enforce the Trustees duties.

*See* 29 U.S.C. §§ 1132(a)(2)-(6). An employer is only allowed to bring an action to enforce § 1021(f) which provides that employers are entitled to medical information necessary for it to comply with Medicare and Medicaid Coverage Data Bank requirements. 29 U.S.C. § 1021(f). ERISA specifically enumerates who is eligible to bring an action against the Trustees to clarify or enforce rights to benefits under the plan. 29 U.S.C. § 1132(a)(1)(B) (providing that participants and beneficiaries can bring such actions).

Furthermore, the Trustees are instructed:

"to protect . . . the interests of participants . . . and . . . beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries . . . and . . . providing for appropriate remedies . . . and ready access to the Federal courts." ERISA § 2(b). Section 404(a), in furtherance of this general objective, requires fiduciaries to discharge their duties "solely in the interest of the participants and beneficiaries."

*Varity Corp. v. Howe,* —— U.S. ——, ——, 116 S.Ct. 1065, 1078, 134 L.Ed.2d 130 (1996). Allowing employers to sue the Trustees for erroneous eligibility determination may cause the Trustees to develop feelings of dual loyalties—both to the participants and the employers who appoint them—which the Supreme Court has specifically cautioned against.[8] This court finds that allowing an employer to challenge the eligibility determination of the Trustees would be inconsistent with the statutory provisions and purposes of ERISA. *See William J. Elmore v. Cone Mills Corp.,* 6 F.3d 1028, 1038 (4th Cir.1993) (The guiding principle in fashioning federal common law in ERISA cases is that the common law must be consistent with the purposes of ERISA.).

■ Harman's Third Party Complaint also alleges that the Trustees violated the provisions of 1988 National Bituminous Coal Wage Agreement (NBCWA). It does not allege that the Trustees are signatories of this contract or any subsequent contract. Nor, does it allege that any 1974 Pension

---

7. *See supra* p. 140.

8. *See supra* note 3.

Plan documents (to which the Trustees are signatories) incorporate any obligations or duties outlined in the NBCWA or subsequent CBAs. Section 301 of the LMRA, which provides jurisdiction for violations of contracts between employers and unions, does not provide jurisdiction in federal court for claims brought against persons who are not signatories to the contract. 29 U.S.C. § 185; *International Union, UMWA v. Covenant Coal Corp.*, 977 F.2d 895 (4th Cir.1992).

## III.

For the foregoing reasons, Third–Party Defendants Trustees' Motion to Dismiss is granted. An appropriate order will be entered this day.

## ORDER

For the reasons set forth in the Memorandum Opinion entered this day, it is hereby ADJUDGED and ORDERED that Defendants Trustees' Motion to Dismiss is GRANTED.