[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15698
Non-Argument Calendar

_____

D. C. Docket No. 02-01140-CV-JEC-1

GREGORY L. TIPPITT,

Plaintiff-Appellant,

versus

RELIANCE STANDARD LIFE INSURANCE COMPANY,
MUNICH AMERICAN REASSURANCE COMPANY GROUP LONG TERM
DISABILITY INSURANCE PLAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 29, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Gregory Tippitt appeals the district court's entry of judgment in favor of Reliance Standard Life Insurance Company and Munich American Reassurance Company Group Long Term Disability Insurance Plan in his action for wrongful denial of benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

**I.**

Tippitt is a former assistant manager of computer information systems for Munich. While employed there, he enrolled in the Munich American Reassurance Company Group Long Term Disability Insurance Plan ("MARC Plan"), which is insured and administered by Reliance. The plan promised him benefits if he was totally disabled throughout the "elimination period," which is defined as 180 consecutive days from the time he claimed to be disabled.

On January 7, 2000, Tippitt resigned from his job. Three days later he applied for disability benefits under the MARC Plan, claiming that he suffered from "progressively increasing symptoms of joint pain, cluster headaches, and fatigue." Tippitt's doctors later diagnosed him as having Sjögren's syndrome, an autoimmune disease affecting moisture-producing cells, and undifferentiated spondyloarthropathy, an inflammatory joint disease similar to arthritis. Reliance denied his claim on the grounds that he was not totally disabled because he was

2

still capable of performing the majority of his job's material duties. Tippitt administratively appealed this decision, and Reliance, after further consideration, upheld its original denial. Tippitt asked for yet another review, and, although not obligated to do so, Reliance considered Tippitt's claim yet again and denied it yet again. This time it concluded that Tippitt was not fully disabled because he could still perform at least one of his material duties. Tippitt asked for yet another review of his claim, but Reliance informed him that its decision was final.

Tippitt sued under ERISA. The district court conducted a bench trial and found that Reliance had correctly denied coverage because Tippitt "could perform some of the duties of [his job] during the three hours of sedentary work . . . that [he] could complete." Tippitt appealed, and we reversed. Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227 (11th Cir. 2006). We did so after concluding that "we cannot accept the legal [premise] which is that anyone who can perform some of his duties during some of the work day is partially disabled and therefore not totally disabled." Id. at 1237. We explained that if Tippitt, during the elimination period, could perform all of his duties either during the three-hour period or some other substantial fraction of the work day, he would be only partially disabled and therefore not totally disabled. Id. The case was remanded to permit the district court to make the necessary factfindings.

3

On remand, the district court made findings and again entered judgment for the defendants. In this appeal, Tippitt contends the district court erred by: (1) misinterpreting the term "part-time" in Tippitt's MARC Plan policy; (2) finding that Tippitt could perform all of his job duties for a three-hour period each day; (3) considering the reasons for denying his claim that Reliance offered in litigation rather than those articulated in the letter denying his claim; and (4) finding that Reliance's denial of Tippitt's claim was not arbitrary and capricious. We address these contentions in turn.

## II.

Tippitt first contends that the district court erred by misinterpreting the term "part time" in his insurance policy. He argues that the term "part time" in the definition of partial disability is ambiguous and, as such, should be construed against Reliance as the drafting party. See Lee v. Blue Cross/Blue Shield, 10 F.3d 1547, 1551 (11th Cir. 1994) ("Having determined that the plan is ambiguous, we hold that application of the rule of contra proferentem is appropriate in resolving ambiguities in insurance contracts regulated by ERISA."). The MARC Plan policy states that an insured is partially disabled when an injury or sickness renders him "capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis." Because "full-time"

4

means working "a minimum of 30 hours during a person's regular work week," Tippitt reasons that "part-time" should mean being able to work a substantial number of hours but less than 30 a week. The district court concluded that during the elimination period Tippitt could perform all of his work duties for only three hours per day, a total of a fifteen hours each work week. It follows, Tippitt says, that because he was unable to work a substantial number of hours he could not meet the part-time requirement, and he must be considered to have been completely disabled.

In Tippitt's first appeal we concluded that an insured was not totally disabled if he could "perform all of the duties of [his] occupation 'on a part-time basis,'" which means carrying out those duties for "a substantial part of the work day." Tippitt, 457 F.3d at 1237. We went on to say that a three-hour period is a substantial part of the work day. Id. Under the law of the case doctrine, we are not free to revisit that holding. See Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1286 (11th Cir. 2004). Therefore, the district court did not err in determining that if Tippitt could perform all of his duties for a three-hour period each day he was only partially disabled, not fully disabled.

**III.**

Tippitt next contends that, even under the definition of "part-time" applied

by the district court, it erred when it found that he could work part time. Federal Rule of Civil Procedure 52(a) provides that a district court's findings of fact in actions tried without a jury may not be reversed unless clearly erroneous. This requires us to give "due regard . . . to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a). "If the district court's findings of fact are 'plausible in light of the record viewed in its entirety,' the court of appeals must accept them even if it is 'convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" United States v. Fidelity Capital Corp., 920 F.2d 827, 836 n.36 (11th Cir. 1991) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S. Ct. 1504, 1511 (1985)).

Tippitt argues that nothing in the record contradicts the evidence that he was totally disabled throughout the elimination period. We disagree. Four of his own physicians who evaluated him stated that he could work three hours per day. While other doctors believed he could only work one hour per day, the choice of which to believe is left to the district court. United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."). There is also evidence—Tippitt's own self-

6

evaluation—that his pain was "mild" and "moderate" at various points during the elimination period, rather than debilitating. The trial court had sufficient evidence upon which to base its conclusion that Tippitt was not totally disabled throughout the elimination period; it did not clearly err in its predicate findings.

Tippitt next argues that the district court failed to take into account the effects of his pain medication when determining whether he was disabled. This is the first time he has made this point. As an appellate court, we do not consider "a legal issue or theory raised for the first time on appeal." United States v. S. Fabricating Co., 764 F.2d 780, 781 (11th Cir. 1985). Therefore, we will not reach the merits of this argument.

**IV.**

Tippitt also contends that a district court should only consider the rationale for denying the insured's claim benefits that the insurer articulates when it informs the insured of its decision. In support of this proposition, Tippitt cites our decision in Marecek v. BellSouth Services Inc., 49 F.3d 702 (11th Cir. 1995), in which we stated that an employer's "factual findings and post hoc explanations [were] without merit." Id. at 706. He also relies on a Sixth Circuit opinion, University Hospitals v. Emerson Electric Co., 202 F.3d 839 (6th Cir. 2000), which says that, when determining whether an insurer met its obligations under a policy, a court

7

should not consider evidence in the record that is simply a post-hoc explanation of an administrative decision. Id. at 849 n.7.

Assuming that the district court did consider reasons for Reliance's denial of Tippit's claim that Reliance gave after the fact, doing so was not error. Tippitt's reliance on Marecek is misplaced. The fact that the post-hoc explanations in that case were not convincing does not mean that a court cannot consider post-hoc explanations about why an insurer denied the plaintiff's claim; to the contrary, Marecek specifically considered and examined those post-hoc explanations. Maracek, 49 F.3d at 706. A district court may choose not to accord self-serving post-hoc explanations much weight for the reasons underlying Tippitt's argument, but it is not error to consider them. See generally Univ. Hosps., 202 F.3d at 849 n.7 (explaining why the court chose not to consider insurers' post-hoc justifications of denials of coverage).

## V.

Finally, Tippitt contends that the district court's finding that Reliance's denial of benefits was not arbitrary and capricious because the district court improperly found that Reliance's decision was not tainted by self-interest. However, this determination only affects the third step of the five-step analysis for ERISA claims. See Tippitt, 457 F.3d at 1231–32 (laying out the five steps). The

8

district court found that Tippitt's claim failed at the second step. It only went on to the third to announce an alternative holding. Therefore, even if Tippitt were correct, it would not affect the outcome of his claim.

**AFFIRMED.**