[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16781

_____

D.C. Docket No. 06-00479-CV-FTM-99-SPC

BEATRIZ MARTINEZ-CLAIB, M.D.,

                                                            Plaintiff-Appellant,

versus

BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA,
METROPOLITAN LIFE INSURANCE CORPORATION,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 21, 2009)

Before EDMONDSON, BLACK and SILER,[*] Circuit Judges.

SILER, Circuit Judge:

---

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

## INTRODUCTION

Plaintiff Beatriz Martinez-Claib appeals from the district court's order granting summary judgment in favor of defendant MetLife in this ERISA suit. The district court found Martinez-Claib's claim was time-barred, and that, even if it were timely, the preexisting condition exclusion applied. Martinez-Claib appeals, and for the following reasons, we affirm.

## I.

In September 2001, Martinez-Claib contracted with Family Health Care Centers of Southwest Florida (FHC) to provide physician's services. The contract covered a period of employment between November 2001 through November 2003 and required FHC to provide long-term disability insurance. Martinez-Claib began employment as a physician with FHC in early November 2001. A month later, she suffered a grand mal brain seizure. She was subsequently diagnosed with a brain tumor, and underwent surgery later that month. She did not return to work until February 2002. In May, due to her deteriorating health, she was reassigned within FHC to be a bilingual health educator, a position she held until April 2003, when she could no longer work. In March 2003, FHC cancelled its benefits policy with MetLife, which was before Martinez-Claib's last day of work at FHC.

2

In March 2004, Martinez-Claib submitted her claim for long-term disability benefits. The claim was denied in a November 2004 letter which explained that her coverage did not become effective until February 2002 (after the brain seizure). It also explained that her last day of work in April 2003 was beyond the March 31 date when FHC cancelled its plan with MetLife. It implied that it was considering her last day of work as a health educator as the date of disability, and concluded that coverage was precluded because that date was outside the coverage period. Although she filed an appeal with MetLife in May 2005, the appeal file was lost and never processed. She filed this ERISA suit in September 2006.

The parties cross-motioned for summary judgment, and the district court granted MetLife's motion because Martinez-Claib's claim was time-barred. It also held, in the alternative, that even if it were timely, the preexisting condition exclusion applied. Martinez-Claib timely appeals.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 911 (11th Cir. 2007). Here, the district court found that because MetLife failed to act on Martinez-Claib's appeal within the required time

3

period, it would deem its inaction an implicit denial. It applied a de novo standard of review and both parties agree this is the proper standard.

Because we find that Martinez-Claib's claim was time-barred, and she has failed to make a showing that MetLife was not prejudiced by her delay in filing her claim, we affirm the district court. Finding it determinative of the case, we do not reach Martinez-Claib's argument about the preexisting condition exclusion.

## III.

## A.

As a threshold matter, Martinez-Claib claims that MetLife may not argue any rationale for claim denial that it did not raise prior to litigation. Therefore, she argues, the court erred in considering MetLife's arguments that she failed to give timely notice of her claim and that the preexisting condition exclusion applied, because the denial letter did not mention either of these reasons for denying coverage. Instead, the letter relied on finding that her last day of work was the date of disability, and since that date was after the date FHC cancelled its long-term disability plan with MetLife, there was "no qualifying period of coverage." The district court allowed MetLife to raise these arguments, relying on Tippitt v. Reliance Standard Life Insurance Co., which recognized that although a district court may discount or reject these tardy explanations, it was not erroneous

4

for a district court to consider "post-hoc explanations about why an insurer denied the plaintiff's claim." 276 F. App'x 912, 915 (11th Cir. 2008). It also relied on Farley v. Benefit Trust Life Insurance Co., which held that arguments that coverage does not exist cannot be waived. 979 F.2d 653, 660 (8th Cir. 1992).

The bar to post-hoc arguments referenced in Tippitt applies only in cases reviewing the plan administrator's decision under the deferential arbitrary and capricious standard of review. It does not apply in de novo review cases such as this. The rationale for the post-hoc rule is that the court cannot defer to a plan interpretation that was not offered in the administrative process. Such a concern is not present where we are asked to review the denial of benefits de novo. Because this context does not provoke application of such a rule, it cannot operate to prevent MetLife from relying on reasons for denying Martinez-Claib's claim that it did not originally include in its denial letter.

Martinez-Claib also argues that MetLife waived these arguments it did not raise in its denial letter. We have considered waiver in the context of ERISA in Glass v. United of Omaha Life Insurance Co., 33 F.3d 1341 (11th Cir. 1994). In our discussion of waiver, we defined the term as "the voluntary, intentional relinquishment of a known right," and noted that it is "a common law principle

whose applicability under ERISA is an issue of first impression in this circuit." Id. at 1347.

Given that the issue was new to the circuit, we looked at two circuit court opinions to frame the issue, Pitts by and Through Pitts v. American Security Life Insurance Co., 931 F.2d 351, 357 (5th Cir. 1991); and Thomason v. Aetna Life Insurance Co., 9 F.3d 645, 648 (7th Cir. 1993), and ultimately followed Thomason. Thomason "left open whether waiver principles might apply, as part of the federal common law in the ERISA context, under other circumstances, but rejected the waiver argument made by the plaintiff in that case." Glass, 33 F.3d at 1348. We rejected waiver in the specific context of the case because the claimant had not shown either that there was an intentional relinquishment of a known right or that the insurer was unjustly benefitted by its conduct. Id.

Here, MetLife denied the benefits because it assumed Martinez-Claib's final day of work at FHC was the "date of disability" and therefore after the policy had been cancelled between MetLife and FHC. Thus, it did not intentionally give up the right to argue the other grounds for denying benefits based on the correct date of disability, Martinez-Claib's last day working as a physician. If MetLife had framed her claim as Martinez-Claib submitted it, using the last day worked as a physician as the date of disability, it could not make the argument that the policy

was no longer in effect at the time of the disability. Then it could have considered other bases for denying the claim. In addition, although it was MetLife's fault that there was no opportunity to correct this through the appeals process, there is no evidence in the record that MetLife knew, at that time that the denial letter was sent, that it would be its last opportunity to address Martinez-Claib's claim. Therefore, because there is no evidence that MetLife intentionally gave up the right to raise these arguments, or that MetLife was unjustly benefitted by its conduct, the arguments MetLife raises were not waived.

**B.**

The district court found Martinez-Claib's claim was time-barred because she failed to comply with the notice provisions of the policy. Martinez-Claib states that she became disabled in May 2002, when she was reassigned to the position of health educator. She filed her claim in March 2004. As the district court found, even under the most generous notice provisions of the policy, Martinez-Claib's claim is time-barred. The last deadline for filing a claim is one year from the time the proof of claim was required to be filed, which was November 2003, and the claim was filed four months later.

Martinez-Claib argues that despite the untimely notice, Florida's notice-prejudice rule applies. In <u>UNUM Life Insurance Co. of America v. Ward</u>,

7

the Supreme Court found that California's notice-prejudice rule was not preempted by ERISA because it fell within the statutory savings clause which exempts from preemption any state law which regulates insurance. 526 U.S. 358, 363-64 (1999). Therefore, it is likely that Florida's law would not be preempted. Florida's law was articulated in Tiedtke v. Fidelity & Casualty Co. of New York, a case concerning a car insurance policy with a notice provision requiring the insured to provide written notice of any accident "as soon as practicable." 222 So.2d 206, 207 (Fla. Sup. Ct. 1969). The court held that "while prejudice to the insurer is presumed, if the insured can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given 'as soon as practicable.'" Id. at 209. See also Lane v. Provident Life & Accident Ins. Co., 178 F.Supp.2d 1281 (S.D. Fla. 2001) (considering the rule in the context of a disability claim.)

Here, Martinez-Claib has not sufficiently created a genuine issue of material fact with respect to whether her evidence rebuts the presumption that MetLife was prejudiced by her delay. If Martinez-Claib had complied with the deadlines for filing the notice of claim or the time limit for filing proof of claim, MetLife would most likely have had notice of the claim before Martinez-Claib's last day of work as a health educator. Therefore, it would have understood she was basing her

8

disability claim on the last date worked as a physician and not the last date worked as a health educator.

AFFIRMED.